UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA CRAMER, | ) | |
|      Plaintiff | ) | |
| | ) | |
|      v. | ) | No.  14-183 Erie |
| | ) | |
| GENERAL ELECTRIC COMPANY | ) | |
| and GE TRANSPORTATION | ) | |
| and GE DISABILITY BENEFITS | ) | |
| CENTER and METROPOLITAN | ) | |
| LIFE INSURANCE COMPANY, | ) | |
|      Defendants | ) | |

TO:      Defendants

## N O T I C E

        You have been sued in Court.  If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this Complaint and Notice are
served, by entering a written Appearance personally or by attorney and filing in writing with the Court
your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so,
the case may proceed without you and a judgment may be entered against you by the Court without
further notice for any money claimed in the Complaint or for any other claim or relief requested by the
Plaintiff.  You may lose money or property or rights important to you.

        **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU
DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Lawyer Referral & Information Service**
P.O. Box 1792, Erie, Pennsylvania 16507
Phone Number:  (814) 459-4411
Hours:  Mon. - Fri. 8:30 a.m. - Noon; 1:15 p.m. - 3:00 p.m.

ELDERKIN LAW FIRM


By____/s/ Edward J. Betza_____
        Edward J. Betza, Esquire
        Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| DONNA CRAMER, | ) | | |
| Plaintiff | ) | | |
| | ) | | |
| v. | ) | No. | 14-183 Erie |
| | ) | | |
| GENERAL ELECTRIC COMPANY | ) | | |
| and GE TRANSPORTATION | ) | | |
| and GE DISABILITY BENEFITS | ) | | |
| CENTER and METROPOLITAN | ) | | |
| LIFE INSURANCE COMPANY, | ) | | |
| Defendants | ) | | |

## COMPLAINT

AND NOW comes the Plaintiff, Donna Cramer, by and through her attorneys, THE

ELDERKIN LAW FIRM, and files the following Complaint, respectfully alleging the following in

support thereof:

1.      This action arises under the Employee Retirement Income Security Act, 29

U.S.C. § 1001 *et seq*.

2.      Plaintiff, Donna Cramer, is an adult resident of the Commonwealth of

Pennsylvania and County of Erie, currently residing at 5530 Rockledge Drive, Erie, Pennsylvania

16511.

3.      Defendant, General Electric, is the General Electric Short Term Disability

Plan sponsor/employer, with corporate headquarters at 3135 Easton Turnpike, Fairfield, Connecticut

06828.

2.

4.      Defendant, GE Transportation, is a division of General Electric, with a business address of 2901 East Lake, Erie, Pennsylvania 16531.

5.      Defendant, GE Disability Benefits Center, has a mailing address of P.O. Box 44801, Eden Prairie, MN 55344, and is, upon information and belief, the Plan Administrator of an ERISA plan ("Plan") created by General Electric and/or GE Transportation which provides short-term and long-term disability benefits to participating employees, including Plaintiff, and is Claims Administrator for benefit claims and appeals with respect to the Plan.

6.      Defendant, Metropolitan Life Insurance Company, is, upon information and belief, the Claims Administrator for benefit claims and appeals with respect to the Plan, with a mailing address of P.O. Box 44801, Eden Prairie, MN 55344.

7.      At all relevant times, Plaintiff has been an employee of General Electric and/or GE Transportation in Erie, Pennsylvania.

8.      As part of the benefit package through Plaintiff's employment, Plaintiff was provided with short-term disability coverage by Defendants.  Defendants provided Plaintiff with a Summary Plan Description booklet entitled "Your Benefits Handbook - Other Insurance and Disability Benefits."  A true and correct copy of this booklet is attached hereto as Exhibit A, and is incorporated herein by reference as if set forth in its entirety.

3.

9.      In addition, as part of her employment benefit package, Plaintiff was provided with the option of purchasing at her own expense long-term disability insurance administered through the Metropolitan Life Insurance Company.

10.      Pursuant to the Plan, an employee can receive short-term disability benefits for up to twenty-six weeks if he or she is prevented from working by an extended illness, injury or other serious medical condition.  (See Exhibit A at page 45).

11.      Pursuant to the Plan, an employee can receive long-term disability benefits, after short-term disability benefits are exhausted, in the amount of at least 50% of the employee's monthly pay up to $3,000.00.  Long-term disability benefits are paid to an employee who is totally disabled - unable to perform the regular duties of his or her own job as determined by the GE Disability Benefits Center, and under a doctor's care for the disability.  (See Exhibit A at page 52).

12.      Plaintiff has been an employee of General Electric (GE) for forty years.

13.      During her employment, Plaintiff suffered from depression and anxiety.

14.      Despite these conditions, Plaintiff was able to perform all of her job duties and remain employed.

15.      On June 27, 2012, Plaintiff had a complete mental breakdown causing her to be off work from June 28, 2012 through May 27, 2013.

4.

16.     Plaintiff returned to work at GE on May 28, 2013.

17.     Plaintiff filed a claim for short-term disability benefits and was awarded benefits for the period of June 28, 2012 through November 5, 2012.

18.     Thereafter, Defendants denied Plaintiff benefits effective November 6, 2012.

19.     Plaintiff filed three administrative appeals, the third being on November 15, 2012.

20.     On December 12, 2013, Defendants issued the final determination upholding the denial of benefits effective November 6, 2012 through May 27, 2013 based on lack of medical necessity to support the claim for benefits.

21.     Defendants' determination was made in error for the following reasons:

(1)     Defendants failed to consider the medical evidence and records of Plaintiff's treating physicians.  Plaintiff's medical records show that she was disabled from June 27, 2012 through May 27, 2013.  On February 19, 2013,  Matthew DeJohn, M.D., DAPBN drafted a letter to the GE Disability Benefits Center indicating that he had been treating Plaintiff for Major Depressive Disorder and Anxiety and recommended full-time medical leave/disability.  On February 25, 2013, Margaret M. Laukaitis, M.D. stated that Plaintiff had been under her care for many years for

5.

depressive and anxiety related problems, and that her current episode was "particularly unrelenting."

Dr. Laukaitis stated that Plaintiff remained unable to work due to her persisting emotional liability. Despite the treatment records of both doctors and the two reports indicating that Plaintiff was not able to work, Defendants denied Plaintiff's claim for short term disability benefits claiming that there is a lack of "medical necessity."

(2)      Defendants rely on inaccurate information set forth by their independent medical consultant, Jennifer T. Rosenberg, M.D., in her April 26, 2013 evaluation.  Dr. Rosenberg incorrectly interpreted a December 26, 2012 report from Plaintiff's counselor, Joseph A. Sarbak, which led him to believe that Plaintiff was working as a care giver to her two adult children. Defendants have improperly disregarded Plaintiff's Affidavit, submitted as part of the record for reconsideration, in which Plaintiff corrects the interpretation, stating: "On Page 2 and 5 of her report, Dr. Rosenberg incorrectly concluded that I supervise and act as a care giver for my adult children.  My daughter lives independently and is a college student attending Indiana University of Pennsylvania. My son is employed full-time as a maintenance worker at the Millcreek Mall.  As a parent, I provide all the love and support for my children that I possibly can.  Dr. Rosenberg misinterpreted my comments about my role as a parent for that of a care giver.  At no point relevant to this claim have I acted as a care giver for either child."

(3)      Defendants rely on further inaccurate information from their independent medical consultant regarding Plaintiff's work status.  Dr. Rosenburg seemed to believe that Plaintiff was seeking to retire.  However, despite being given several opportunities to accept a retirement package from GE, Plaintiff has, at all times, elected to continue working rather than retire.  Plaintiff again submitted via Affidavit the following: "I had the opportunity to retire approximately four years

ago.  I elected to pass on GE's retirement package in order to continue working.  I did not want to retire

then and have no desire to retire at this time.  I love my job and I continue to need the income to pay

my expenses."

22.     Plaintiff remained impaired from November 6, 2012 through May 27, 2013,

and was improperly denied short term and long term disability benefits for that period.

23.     Plaintiff is entitled to disability benefits for the period November 6, 2012

through May 27, 2013.

24.     Defendants' failure to provide said benefits to Plaintiff is, and continues to

be, a violation of the terms and conditions of the Plan.

25.     Defendants' refusal to provide Plaintiff her benefits under the terms and

conditions of the Plan has caused Plaintiff to suffer actual and consequential damages, to incur

expense, suffer unnecessary delay and hardship, and otherwise sustain damages that would have been

avoided if the Defendants had promptly and reasonably honored and complied with its contractual

obligations.

WHEREFORE, Plaintiff, Donna Cramer, demands judgment against Defendants,

General Electric Company, GE Transportation, GE Disability Benefits Center, and Metropolitan Life

Insurance Company, for all benefits Plaintiff is entitled to under the Plan, for the period November

7.

6, 2012 through May 27, 2013, plus interest, costs and attorney's fees and other relief as this Court

may deem appropriate.

Respectfully submitted,

ELDERKIN LAW FIRM


By   /s/ Edward J. Betza
     Edward J. Betza, Esquire
     Attorney for Plaintiff, Donna Cramer
     150 East Eighth Street
     Erie, Pennsylvania 16501
     (814) 456-4000
     (814) 454-7411 (fax)
     ejbetza@elderkinlaw.com